Filed 6/4/13  P. v. Valle CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>KAREN VALLE,<br><br>   Defendant and Appellant. | 2d Crim. No. B239524<br>(Super. Ct. No. 1368264)<br>(Santa Barbara County) |

Karen Valle (Valle) appeals her felony conviction for attempted dissuasion of a witness by force or threat.  We reject her challenges to the sufficiency of the evidence and to the trial court's instructional and evidentiary rulings.  We affirm.

*FACTS AND PROCEDURAL HISTORY*

In 2010, Valle's husband, from whom she had separated for a time, was charged with falsely imprisoning, forcibly raping and sexually penetrating Tamara N. (Tamara).  Nine days after her husband's preliminary hearing was rescheduled, Valle went to the grocery store where Tamara worked as a checker.  Valle waited patiently to get to the front of Tamara's check-out line.  Once there, Valle leaned in close and called Tamara a "sick bitch" and a "fucking bitch."  She also told her, "You're going to die" and "I'm going to kill you."  Tamara believed

that Valle had a knife, but gave different accounts of how Valle held it and no knife could be seen in the store's video.

The People charged Valle with attempting to dissuade a witness by force or threat (in violation of Pen. Code, § 136.1, subd. (c)(1))[1] and making a criminal threat (in violation of § 422). The People also alleged that Valle personally used a dangerous or deadly weapon (in violation of former § 12022, subd. (b)(1)). The jury found Valle guilty of attempted dissuasion of a witness, but found the weapon enhancement not true. The jury hung on the criminal threat counts. The trial court placed Valle on three years' formal probation, including 120 days of county jail.

## DISCUSSION

### I. *Sufficiency of the Evidence*

Valle argues that her conviction must be overturned because there is insufficient evidence to support the jury's finding that she intended to dissuade Tamara not to testify at the upcoming preliminary hearing. Valle contends that her threats were generic and reflect, at worst, a "strong" and "manic" "dislike" of Tamara that pre-dated (and thus had nothing to do with) the charges against Valle's husband.

Our review is limited to whether the jury's verdict is supported by "'. . . substantial evidence . . . from which a reasonable trier of fact could conclude that the prosecution sustained its burden of proof beyond a reasonable doubt. . . .'" (*People v. Assad* (2010) 189 Cal.App.4th 187, 194.) We review the evidence in the light most favorable to the verdict and assess solely whether the supporting evidence is "'. . . reasonable, inherently credible, and of solid value . . . .'" (*Ibid.*)

There is substantial evidence that Valle intended to dissuade Tamara from testifying against Valle's husband. Valle knew about the prosecution of her

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

2

husband and thought it was "very awful" and "very horrible"; knew Tamara was the key witness; and knew about the upcoming preliminary hearing. Valle went to a grocery store she rarely used, and waited in Tamara's check-out line although other checkers were available in order to tell Tamara—just nine days after the preliminary hearing date had been rescheduled—that she was a "sick," "fucking bitch" who was "going to die." Given this evidence, it is of no moment that Valle's threat did not explicitly reference her husband's ongoing prosecution or the upcoming preliminary hearing. (Accord, *People v. Ford* (1983) 145 Cal.App.3d 984, 988-990 [threat "'You punk motherfucker, we'll get you, you've got kids'" sufficient to sustain conviction for dissuading a witness].) It is also of no consequence that Valle offered a different, innocent version of events. The jury could reasonably reject Valle's competing account and conclude beyond a reasonable doubt that she spoke with the intent to dissuade Tamara from testifying.

## II. *Evidentiary Challenges*

### A. *Details of Crimes Charged Against Husband*

Valle argues that the trial court erred in allowing the prosecutor to introduce some of the factual details of her husband's alleged sexual crimes. Through a series of leading questions, the prosecutor elicited that Valle's husband used his body weight to hold down Tamara and thereafter non-consensually penetrated her with his penis and his fingers. Valle asserts that the details of these offenses are irrelevant and substantially outweighed by the danger of creating undue prejudice through engendering sympathy for Tamara. We review the trial court's evidentiary rulings for an abuse of discretion. (E.g., *People v. Lightsey* (2012) 54 Cal.4th 668, 714.)

The trial court did not abuse its discretion in concluding that the "nature of the charges" against Valle's husband was "probative" of Valle's motive because she would have greater incentive to derail serious charges than less significant charges.

The trial court also did not abuse its discretion in weighing the

3

probative value of this evidence against its potential for undue prejudice. The court was careful to admit only the "nature of the charges" and to exclude "the details of the incident." Valle argues that the prosecutor transgressed these limits, but the testimony elicited covers no more than the basic elements of the offenses with which Valle's husband was charged. The jury consequently heard the evidence pertinent to Valle's motive, but not the more salacious details that might have been unduly prejudicial. Valle contends that the court could have permissibly limited the prosecutor only to eliciting that Valle's husband was charged with a serious felony with significant jail time, but the viability of this alternative does not undermine the legality of what the trial court actually did.

Because we conclude there was no error, we have no occasion to consider Valle's further argument that evidentiary error violated her due process rights. (*People v. Partida* (2005) 37 Cal.4th 428, 435-436.)

B. *Expert Testimony*

Valle next contends that the trial court erred in allowing the investigating officer to offer expert testimony that victims of violent crimes (such as sexual assault) sometimes take longer to clearly recount the crime than the victims of other crimes. She claims that this testimony is improper expert testimony and irrelevant.

Valle has forfeited her objection to this testimony as improper expert testimony because she only objected to its relevance. (*People v. Ward* (2005) 36 Cal.4th 186, 211.) The investigator's testimony was not improper expert testimony in any event. The speed with which crime victims are able to provide a more detailed reconstruction of the victimizing incident is "sufficiently beyond common experience" that expert testimony "would assist the trier of fact . . . ." (Evid. Code, § 801, subd. (a).) Valle argues that the investigator's opinion impermissibly told jurors to believe Tamara over Valle, but it did no such thing. (Cf. *People v. Coffman & Marlow* (2004) 34 Cal.4th 1, 82 & fn. 26 [expert opined that particular witness was telling the truth].) Valle also contends that this expert opinion should

4

have been excluded because the trial court did not permit *her* to elicit an expert opinion regarding whether people sometimes exaggerate. Even if we accept Valle's dubious premise that the erroneous exclusion of some evidence warrants the exclusion of other, otherwise admissible evidence, the opinion Valle sought to elicit regarding whether people sometimes exaggerate was properly excluded because it is not "sufficiently beyond" the "common experience" of jurors. (Evid. Code, § 801, subd. (a).)

The investigator's testimony was also relevant. Indeed, it was elicited in response to questioning by Valle regarding whether a witness's memory generally improves or degrades over time. Valle's questions made it relevant to inquire whether the memories of crime victims, particularly victims of violent crime, work differently.

### III. *Instructional Challenge*

Valle asserts that the trial court erred in instructing the jury that it could "consider her failure to explain or deny" evidence against her. (Jury Instruction No. 361.) Valle contends that she explained or denied all evidence against her when she testified, rendering this instruction improper. We need not consider the propriety of this instruction because any error was harmless. By its plain terms, the instruction only came into play if the jury determined Valle failed to explain or deny evidence. Because this instruction only became relevant if the jury found these factual predicates and would not apply if the jury did not (as Valle claims is the correct conclusion), the instruction did not prejudice Valle. (*People v. Ballard* (1991) 1 Cal.App.4th 752, 756-757.)

### IV. *Cumulative Error*

Because we conclude that the trial court committed no prejudicial error, there is no error to cumulate. (*People v. Carpenter* (1999) 21 Cal.4th 1016, 1064.)

*DISPOSITION*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


HOFFSTADT, J.[*]


We concur:



GILBERT, P. J.



PERREN, J.

---

[*] (Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to art. 6, § 6 of the Cal. Const.)

Jean M. Dandona, Judge

Superior Court County of Santa Barbara

_____

The Law Office of John Derrick, John Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.